IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CARPENTERS' PENSION FUND OF )
KANSAS CITY, a Trust Fund, )
)
and )
)
ALBERT L. BOND, and DONALD E. GREENWELL, III, )
TRUSTEES OF THE CARPENTERS PENSION FUND )
OF KANSAS CITY, a Trust Fund, )
)
and )
)
CARPENTERS' HEALTH AND WELFARE TRUST FUND )
OF ST. LOUIS, a Trust Fund, )
)
and )
)
DENNIS JOYCE, and JAMES W. CARSON, )
TRUSTEES OF THE CARPENTERS' HEALTH AND )
WELFARE TRUST FUND OF ST. LOUIS, )
)
and )
)
CARPENTERS VACATION TRUST FUND OF )
ST. LOUIS, a Trust Fund, )
)
and ) **No.**
)
ALBERT L. BOND and RENEE BELL )
TRUSTEES OF THE CARPENTERS VACATION )
TRUST FUND OF ST. LOUIS )
)
and )
)
CARPENTERS' JOINT TRAINING FUND OF ST. LOUIS, )
A Trust Fund, )
)
and )
)
ALBERT L. BOND and RENEE BELL )
TRUSTEES OF THE CARPENTERS' JOINT TRAINING )
FUND OF ST. LOUIS, )
)
and )
)

| | |
|---|---|
| ST. LOUIS – KANSAS CITY CARPENTERS REGIONAL COUNCIL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **MORGAN'S FLOORING, LLC**<br>  [SERVE:    Lorie Beasley<br>               Registered Agent<br>               906 South St. Louis Street<br>               Concordia, MO 64020 | ) ) ) ) ) ) ) |
| Defendant. | ) |

# **C O M P L A I N T**

## **COUNT I**

Come now Plaintiffs, Carpenters' Pension Trust Fund of Kansas City, a Trust Fund, and Albert L. Bond and Donald E. Greenwell, III, duly appointed and acting Trustees of the Carpenters' Pension Trust Fund of Kansas City who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Carpenters' Pension Trust Fund of Kansas City, and, for their cause of action under Count I against Defendant, state:

1.  This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. 1132 and 29 U.S.C. 1145.

2.  Plaintiffs, Albert L. Bond and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Carpenters' Pension Trust Fund of Kansas City who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Carpenters' Pension Trust Fund of Kansas City; Plaintiff, Carpenters' Pension Trust Fund of Kansas City (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1003.

3. Said Plaintiff Fund was established on April 1, 1968, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and The United Brotherhood of Carpenters and Joiners of America, District Council of Kansas City and Vicinity, AFL-CIO that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant Morgan's Flooring, LLC is a Missouri corporation doing business in the State of Missouri and at all times material herein employed Carpenters' performing work covered by the collective bargaining agreements herein mentioned.

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. 151, and 29 U.S.C. 185.

8. Defendant on or about **September 25, 2017**, stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Association and the St. Louis – Kansas City Carpenters' Regional Council (hereby referred to as "Union") for the Kansas City Agreement areas 1 , 2 and 3 (hereafter referred to as "collective bargaining agreement(s)"); that Defendant is thereby bound

by all collective bargaining agreements in effect on said date and subsequent thereto.

9. Carpenter employees of the Defendant were employed under the terms of the collective bargaining agreements between the Association and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements from **September 25, 2017,** to the present date and thereafter; and during said period to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10. Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **September 25, 2017,** to date, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **September 25, 2017**, to date.

11. That the Defendant is required by Section 209 of ERISA, 29 U.S.C. 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

12. Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

13. Defendant has agreed to permit Plaintiffs to examine, inspect and audit Defendant's books and records from **September 25, 2017, to date,** for the purposes of determining the amount of contributions which should have been paid to said Plaintiff Fund during said period. Plaintiffs are therefore authorized to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

14. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

15. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

16. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

17. Defendant is required by Section 515 of ERISA, 29 U.S.C. 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

18. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe

benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **September 25, 2017**, to date; and

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in

respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.  For judgment against Defendant for costs incurred in this action; and

K.  For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Carpenters' Health and Welfare Trust Fund of St. Louis, a Trust Fund, and Dennis Joyce, and James W. Carson, duly appointed and acting Trustees of the Carpenters' Health and Welfare Trust Fund of St. Louis who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Carpenters' Health and Welfare Trust Fund of St. Louis, and, for their cause of action under Count II against Defendant, state:

1.  Plaintiffs, Dennis Joyce, and James W. Carson, are duly appointed and acting Trustees of the Carpenters' Health and Welfare Trust Fund of St. Louis who authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Carpenters' Health and Welfare Trust Fund of St. Louis; Plaintiff Carpenters' Health and Welfare Trust Fund of St. Louis (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2.  Said Plaintiff Fund was established on May 1, 1953, pursuant to the collective bargaining agreement between the Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations") and the Carpenters' District Council of St. Louis that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective December 11, 1975.

3.  Defendant has agreed to permit Plaintiffs to examine, inspect and audit Defendant's books and records from **September 25, 2017, to date,** for the purposes of determining the amount of contributions which should have been paid to said Plaintiff Fund during said period. Plaintiffs are therefore authorized to make said examination, inspection and audit as

provided for by the agreements hereinabove mentioned.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **September 25, 2017,** to date; and

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Carpenters' Vacation Trust Fund of St. Louis, a Trust Fund, and Albert L. Bond and Renee Bell, duly appointed and acting Trustees of the Carpenters' Vacation Trust Fund of St. Louis who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Carpenters' Vacation Trust Fund of St. Louis, and, for their cause of action under Count III against Defendant, state:

1. Plaintiffs, Albert L. Bond and Renee Bell are duly appointed and acting Trustees of the Carpenters' Vacation Trust Fund of St. Louis who authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Carpenters' Vacation Trust Fund of St. Louis; Plaintiff Carpenters' Vacation Trust Fund of St. Louis (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on May 1, 1969, pursuant to the collective bargaining agreement between Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations") and the Carpenters District Council of Greater St. Louis that the Trust Agreement establishing the Plaintiff Fund was amended and revised May 1, 1983.

3. Defendant has agreed to permit Plaintiffs to examine, inspect and audit Defendant's books and records from **September 25, 2017, to date,** for the purposes of

determining the amount of contributions which should have been paid to said Plaintiff Fund during said period. Plaintiffs are therefore authorized to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **September 25, 2017,** to date; and

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring

Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

  I.  For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

  J.  For judgment against Defendant for costs incurred in this action; and

  K.  For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, Carpenters' Joint Training Fund of St. Louis, a Trust Fund, and Albert L. Bond and Renee Bell, duly appointed and acting Trustees of the Carpenters' Joint Training Fund of St. Louis who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Carpenters' Joint Training Fund of St. Louis, and, for their cause of action under Count IV against Defendant, state:

  1.  Plaintiffs, Albert L. Bond and Renee Bell are duly appointed and acting Trustees of the Carpenters' Joint Training Fund of St. Louis who authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Carpenters' Joint Training Fund of St. Louis; Plaintiff Carpenters' Joint Training Fund of St. Louis (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

  2.  Said Plaintiff Fund was established on August 27, 2001, pursuant to the collective bargaining agreement between the Carpenters' District Council of Greater St. Louis and the Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised July 1, 2004.

3. Defendant has agreed to permit Plaintiffs to examine, inspect and audit Defendant's books and records from **September 25, 2017, to date,** for the purposes of determining the amount of contributions which should have been paid to said Plaintiff Fund during said period. Plaintiffs are therefore authorized to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **September 25, 2017,** to date; and

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.  For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.  For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.  For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.  For judgment against Defendant for costs incurred in this action; and

K.  For such other relief as the Court may deem appropriate.

## COUNT V

Comes now Plaintiff, St. Louis – Kansas City Carpenters' Regional Council (hereby referred to as "Union") and for its cause of action under Count V against Defendant states:

1.  Union is an unincorporated association comprised of and representing persons engaged in carpentry, joining, and related activities. The Union is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union is and was at all times material here the collective bargaining representative of all employees in its bargaining units employed by defendant

2.  Defendant has agreed to permit Union to examine, inspect and audit Defendant's books and records from **September 25, 2017, to date,** for the purposes of determining the amounts of dues which should have been paid to said Union during said period. Union is therefore authorized to make said examination, inspection and audit as provided for by the agreements

hereinabove mentioned.

3. Plaintiff hereby incorporates, adopts and makes part hereof all of the allegations of Paragraphs Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), and Fourteen (14) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **September 25, 2017,** to date; and

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due the Union under said agreements; and

C. For judgment against Defendant for interest on the unpaid Supplemental Dues; and

D. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

E. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

F. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of Supplemental Dues to the Plaintiff; and

G. For judgment against Defendant for costs incurred in this action; and

H. For such other relief as the Court may deem appropriate.

{00367164;C18-286;MJ }
14

Case 4:18-cv-00905-GAF   Document 1   Filed 11/13/18   Page 14 of 15

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.


*/s/ Michael G. Newbold*_____
Michael G. Newbold, MO Bar No. 25523


*/s/ John J. Westerhaus*_____
John J. Westerhaus, MO Bar No. 65266
1100 Main Street, Suite 2001
Kansas City, Missouri  64105
Telephone:     (816) 421-5788
Facsimile:      (816) 471-5574
*Attorneys for Plaintiffs*