IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' PENSION TRUST FUND OF KANSAS CITY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 18-00905-CV-W-GAF |
| MORGAN'S FLOORING, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Plaintiffs' Carpenters District Council of Kansas City Pension Fund, Carpenters Health and Welfare Trust Fund of St. Louis, Carpenters Joint Training Fund of St. Louis, Carpenters Vacation Trust Fund of St. Louis, St. Louis-Kansas City Carpenters Regional Council, and each fund's respective trustees (collectively, "Plaintiffs") Motion for default judgment in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against Defendant Morgan's Flooring, LLC ("Defendant"). (Doc. # 4). The Court finds as follows:

1. Plaintiffs state that their Complaint in this cause against Defendant herein was filed on November 13, 2018 (Doc. # 1); Defendant was served through Registered Agent Lorie Beasley by Special Process Server with a copy of the Summons and Complaint on December 4, 2018, at 906 South St. Louis Street, Concordia, MO 64020 (Doc. # 3), and therefore the Court has jurisdiction over said Defendant.

2. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. §185, and Section 502 of the

1

Employee Retirement Income Security Act, 29 U.S.C. §1132, and therefore the Court has subject matter jurisdiction over the within cause.

3. Defendant has failed to answer or otherwise defend as to Plaintiffs' Complaint, or serve a copy of any answer or other defense upon Plaintiffs' attorneys of record or upon Plaintiffs.

4. Plaintiffs have heretofore filed in the within cause on November 13, 2018, the following pleadings and caused the same to be mailed by certified mail to: Lorie Beasley, Registered Agent, 906 South St. Louis Street, Concordia, MO 64020.

    a. Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure) (Doc. # 4);

    b. Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court (Doc. # 5); and

    c. Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure (Doc. # 5-1).

5. The Court entered a show-cause order on January 9, 2019 (Doc. # 8), directing Defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to: Lorie Beasley, Registered Agent, 906 South St. Louis Street, Concordia, MO 64020.

6. No proceedings have been made by Defendant since the institution of this action or the aforementioned Order of the Court to show cause why default judgment should not be entered.

Accordingly, Plaintiffs' Motion for Default Judgment (Doc. # 4) is GRANTED and pursuant to Federal Rule of Civil Procedure 55(b)(2), the following judgment is **ORDERED**:

# COUNT I

1. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **September 25, 2017**, to date.

2. That Plaintiff, Carpenters District Council of Kansas City Pension Fund, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **September 25, 2017**, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

3. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City Pension Fund on behalf of employees working under the collective bargaining agreements.

4. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT II

1. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period of **September 25, 2017**, to date.

2. That Plaintiff, Carpenters Health and Welfare Trust Fund of St. Louis, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **September 25, 2017**, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

3. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters Health and Welfare Trust Fund of St. Louis on behalf of employees working under the collective bargaining agreements.

4. That Defendant put up cash deposits in advance of work and/or enter into an escrow

arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## **COUNT III**

1. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **September 25, 2017**, to date.

2. That Plaintiff, Carpenters Vacation Trust Fund of St. Louis, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **September 25, 2017**, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

3. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters Vacation Trust Fund of St.

Louis, on behalf of employees working under the collective bargaining agreements.

4. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT IV

1. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **September 25, 2017**, to date.

2. That Plaintiff, Carpenters Joint Training Fund of St. Louis, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **September 25, 2017**, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

3. That Defendant specifically perform the provisions of the collective bargaining

6

agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters Joint Training Fund of St. Louis on behalf of employees working under the collective bargaining agreements.

4. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT V

1. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements for the period **September 25, 2017**, to date.

2. That Plaintiff, St. Louis-Kansas City Carpenters Regional Council, have and recover of and from Defendant a sum of money as unpaid dues equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **September 25, 2017**, to date times the hourly amounts due under said agreements and that the assessment of attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to

Plaintiff for said period can be ascertained.

3. That Defendant specifically perform the provisions of the collective bargaining agreements, present and future, relating to the reporting and payment of dues to the St. Louis- Kansas City Carpenters Regional Council on behalf of employees working under the collective bargaining agreements.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 30, 2019

8

Case 4:18-cv-00905-GAF   Document 10   Filed 01/30/19   Page 8 of 8