# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**CARPENTERS' PENSION TRUST** )
**FUND OF KANSAS CITY,** *et al.*, )
                                          **Plaintiffs,** )
                                                )
vs. )     Case No. 18-00905-CV-W-GAF
                                                )
**MORGAN'S FLOORING, LLC,** )
                                                )
                                          **Defendant.** )

## JUDGMENT IN A CIVIL ACTION

☐     **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒     **Decision of the Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

The following judgment is ORDERED:

1. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period September 25, 2017, to date.

2. That Plaintiffs, Carpenters District Council of Kansas City Pension Fund, Carpenters Health and Welfare Trust Fund of St. Louis, Carpenters Vacation Trust Fund of St. Louis, Carpenters Joint Training Fund of St. Louis, and St. Louis-Kansas City Carpenters Regional Council, have and recover of and from Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from September 25, 2017, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

3. That Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City Pension Fund, Carpenters Health and Welfare Trust Fund of St. Louis, Carpenters Vacation Trust Fund of St. Louis, Carpenters Joint Training Fund of St. Louis, and St. Louis-Kansas City Carpenters Regional Council, on behalf of employees working under the collective bargaining agreements.

4. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

Dated: January 30, 2019  PAIGE WYMORE-WYNN
 Clerk of Court

Entered: <u>January 30, 2019</u>  <u>/s/ Lisa Mitchell</u>
 (By) Deputy Clerk